UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION,<br><br>   Plaintiff,<br><br>   v.<br><br>MARK GARWOOD, et al.,<br><br>   Defendants. | Case No. 14-cv-00390-WHO<br><br>**ORDER RESOLVING DISPUTE OVER LOAN FILES**<br><br>Re: Dkt. No. 29 |

The parties submitted a joint letter over their discovery dispute involving the production of the eighteen loan files at issue in this case. I take the FDIC at its word that it has done its best to provide all of the relevant documents. Given its representation that when the FDIC entered the bank as receiver in April 2010, it found loan files on people's desks and in the shredder bin, the apparent jumbled state of the records is not surprising. The FDIC's offer to provide (i) access to its database or a hard drive containing the entire contents of the scanned database, (ii) a detailed index of the contents of the boxes that was prepared at the time the documents were gathered, and (iii) an expert to help perform electronic searches is more than reasonable.

Defendants have rejected the FDIC's offers and insist that they need to see the hard copies of the files in order to recreate the loan files in their entirety. It is not obvious why this could not be done more efficiently from the index and database. However, given the importance of the documents and the insistence of defendants, they may review the hard copies of the documents at their expense. I ORDER counsel for the FDIC, with input from defendants, to develop a protocol for the expeditious, cost-effective review of the records by the defendants. The FDIC shall invoice the defendants for its entire cost of the review, including obtaining the boxes from storage

and monitoring defendants' review of same, and defendants shall pay the FDIC within 30 days of their receipt of the invoice.

**IT IS SO ORDERED**.

Dated: June 6, 2014



WILLIAM H. ORRICK
United States District Judge