Charles G. Miller, State Bar No. 39272
*cmiller@bzbm.com*
C. Griffith Towle, State Bar No. 146401
*ctowle@bzbm.com*
Michael D. Abraham, State Bar No. 125633
*mabraham@bzbm.com*
Kerry L. Duffy, State Bar No. 233160
*kduffy@bzbm.com*
BARTKO, ZANKEL, BUNZEL & MILLER
A Professional Law Corporation
One Embarcadero Center, Suite 800
San Francisco, California  94111
Telephone:   (415) 956-1900
Facsimile:    (415) 956-1152

Attorneys for Plaintiff
FEDERAL DEPOSIT INSURANCE CORPORATION,
as Receiver for Tamalpais Bank of San Rafael, California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Tamalpais Bank of San Rafael, California,<br><br>Plaintiff,<br><br>v.<br><br>MARK GARWOOD, ALLAN BORTEL, RICHARD SMITH, CAROLYN HORAN, JAMES WILLIAMS, JEFFERY TAPPEN, MICHAEL RICE, and NANCY GRAUTEN,<br><br>Defendants. | No. 3:14-cv-00390 WHO<br><br>**STIPULATED PROTECTIVE ORDER**<br><br><br><br><br>Complaint Filed:   January 27, 2104<br>Trial Date:           None Set |

This matter comes before the Court on the Joint Motion for Protective Order by Plaintiff, Federal Deposit Insurance Corporation, as Receiver for Tamalpais Bank of San Rafael, California ("FDIC-R"), and defendants Mark Garwood, Allan Bortel, Carolyn Horan, James Williams, Jeffery Tappen, Michael Rice, and Nancy Grauten (collectively "Defendants"). There being no objection by any party to the entry of this Order and the Court having considered the grounds for

-1-

-2-

the entry of this Order, it the opinion of this Court that the Joint Motion for Protective Order should be granted.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. **Scope of Protective Order.**  The parties contemplate that in the course of this litigation they and third parties may produce to one another certain confidential documents or portions of confidential documents in their possession. The term "Document" is comprehensively defined to be synonymous in meaning and equal in scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure. In this Order, "Producing Party" shall refer to the party or third party producing the Documents. "Receiving Party" shall refer to the parties receiving the Documents. "Designating Party" shall refer to the party designating the Documents as "Confidential."

2. **Confidential Documents.**

   A.   <u>Designation of a Document as Confidential</u>. A Producing Party may designate as "Confidential" any Document it produces that it believes in good faith contains confidential information that is not known to the public, the public disclosure of which might reasonably be expected to reveal competitively sensitive, trade secret or personally sensitive information, or to be otherwise injurious to the Disclosing Party, or documents protected from public disclosure by statute or regulation or otherwise under applicable law. The term "Confidential Information" shall include but not be limited to:

   i.   <u>Personal Information</u>. "Personal Information" shall mean nonpublic bank account information, customer bank records, signature cards, bank statements, deposit information, and related records or documents that contain any names, addresses, account numbers, Social Security numbers, dates of birth, or documents or data that constitute "consumer" reports, as defined in the Fair Credit Reporting Act, 15 U.S.C. § 1681a, any information that constitutes "non-public information" within the meaning of Section 509(4) of the Gramm-Leach-Bliley Act, 15 U.S.C. 6809 and its implementing regulations, or any "personal record" of any

"consumer" containing "information that would in any way identify that consumer" within the meaning of California Code of Civil Procedure § 1985.3.

        ii.    <u>Regulatory Documents</u>. "Regulatory Documents" shall mean documents and information related to the regulation or supervision of Tamalpais Bank ("Bank") including but not limited to, reports of examination or inspection, regulatory correspondence, reports, orders, memoranda, or agreements by, from, or with the Federal Deposit Insurance Corporation ("FDIC") in its corporate capacity or any other state or federal bank regulatory agency or authority.

        iii.    <u>Receivership Documents</u>. "Receivership Documents" shall mean any documents or information related to the FDIC's appointment or service as receiver of the Bank, including, but not limited to, any information on loss or estimates of such loss on assets, and any administrative depositions or examinations conducted by the FDIC.

        iv.    <u>Loan Information</u>. "Loan Information" shall mean documents or information related to lending transactions, loans, or extensions of credit to any borrower, including, but not limited to, loan applications, financial statements and credit reports, business and personal state and federal income tax forms, correspondence, and related loan documentation.

3.    **Manner of Designation.** A Producing Party shall designate Confidential Documents as follows:

    A.    In the case of documents produced, interrogatory responses, responses to requests to admit, and the information therein contained, designation shall be made by (i) marking or stamping each page of a document as "Confidential-Subject to Protective Order" prior to its production or disclosure to the Receiving Party, or (ii) in the case of documents produced in native format, changing the filename of the document to reflect that it contains Confidential Information, subject to the Protective Order. The FDIC-R may produce certain documents from various ESI databases created from the pre-closing records of the Bank when the FDIC-R was appointed receiver of the Bank ("TB ESI"). Due to the high likelihood that TB ESI will contain Personal Information, Regulatory Documents, Receivership Documents and/or Loan Information, all

documents produced from the TB ESI will be designated as Confidential-Subject to Protective Order. The parties hereto agree that the blanket designation of all TB ESI as Confidential-Subject to Protective Order shall not be in violation of any provision of this Order. FDIC-R will, however, exercise continuing good faith in de-designating any documents or portions thereof that do not meet the definition of "confidential" set out above.  In the case of production of hard copy documents, the parties will cooperate in good faith in designating such documents.

B. In the case of deposition testimony, the Designating Party's counsel may indicate on the record at the deposition that the deposition testimony is, in whole or in part, Confidential, or, within twenty-eight (28) days after receipt of a deposition transcript, notify opposing counsel in writing that the deposition transcript consists of or contains Confidential Information and may designate specific portions of such transcripts as such. All depositions that contain Confidential Information shall be so designated by marking "Confidential" on their front covers by the court reporter(s) or a Designating Party.

C. The inadvertent failure by a party to designate documents or information as Confidential shall not constitute a waiver of that party's right to so designate the documents or information when the error is discovered. Such designation shall be effective when communicated in writing (including by email) to opposing counsel. The parties shall exercise reasonable efforts to make such communication promptly after learning of the inadvertent failure to designate information as Confidential. A party who inadvertently fails to designate shall also provide opposing counsel with substitute copies of the subject documents bearing the "Confidential" designation as described above. Such materials shall be fully subject to this Protective Order as if they had been initially so marked.

4. **Good Faith in Designating Confidential Documents.** The Designating Party shall not indiscriminately designate material as Confidential but instead shall use the designation with care and in good faith. Designations also shall not be made for an improper purpose, e.g., to unnecessarily encumber or delay the action or to impose unnecessary expense or burdens on other parties.

5. **Disclosure of Confidential Documents Prohibited.** Confidential Documents shall be used only for the purpose of prosecuting or defending the above captioned action and for no other purpose. Except as provided by the express terms of this Protective Order, all persons subject to this Order shall not disclose in any manner the Confidential Documents or the Confidential Information set forth in the Confidential Documents. The transmission of Confidential Documents between the FDIC in its capacity as receiver for the Bank and the FDIC acting in its various other capacities shall not constitute disclosure for purposes of this Order. Any such Confidential Documents transmitted among various capacities of the FDIC shall remain subject to this Order and its prohibition on disclosure.

6. **Exceptions to Prohibition on Disclosure.** Counsel for a party to this action may disclose Confidential Documents to the following persons, to the limited extent such disclosure is necessary, under the following specified circumstances:

A. Any party to this action;

B. Officers, directors or employees of any party in this action who are assisting counsel in the prosecution or defense of this action, to the extent necessary for such assistance, or for whom it is reasonably necessary to have the information in order to participate in policy decisions with reference to this action;

C. Persons specially retained by the attorneys or parties to this action to assist in the preparation of this action, provided that such persons require access to the Confidential Documents in order to perform the services for which they have been retained and provided that such person signs a written agreement to be bound by this Order in the form attached as Exhibit A;

D. Director and Officer insurers of defendants in this action, provided that the Confidential Documents are used only for purposes of this action and that such persons sign a written agreement to be bound by this Order in the form attached as Exhibit A;

E. Any individual who is to be deposed or any individual who counsel reasonably believes may be called to testify as a fact witness (and counsel for such witness);

F. In-house and outside counsel for the parties and their paralegals, legal assistants, support staff, clerical personnel and contractors working under their direct supervision;

G. The authors, addressees and recipients of, and any persons specifically referred to in a Document;

H. Vendors retained by or for the parties to assist in one or more aspect of copying, organizing, coding, converting, storing, or retrieving data or designing programs for the handling of data in connection with this action, preparing for pre-trial discovery, or preparing for trial and/or hearings, including but not limited to e-discovery vendors, litigation support personnel, jury consultants and graphics consultants as well as such vendor's staff, stenographic and clerical duties whose duties and responsibilities require access to such Documents;

I. Mediators or discovery masters (and their support staff, legal assistants and clerical personnel) retained by the parties;

J. Court reporters to the extent necessary for them to record testimony at deposition, trial, or court proceedings; and

K. The Court, subject to paragraph 10 below.

7. **Counsel's Obligation to Inform.** Prior to disclosing Confidential Documents to any person pursuant to paragraphs 6, A through G above, counsel shall:

A. Apprise that person of the confidential nature of the documents;

B. Apprise that person that this Court, pursuant to this Order, has restricted the use of such documents by such person; and

C. Show that person a copy of this Order, specifically informing him of the contents of this Paragraph.

D. Ensure that person signs the Agreement to Abide by Protective Order attached hereto as Exhibit A.

8. **Limitations on Order.** The restrictions and obligations set forth within this Order will not apply to any Confidential Documents that: (i) the parties mutually agree shall not be subject to this Order; (ii) the parties mutually agree or the Court rules contain information that was

already in the public domain; (iii) the parties mutually agree or the Court rules has become public knowledge other than as a result of disclosure by the Receiving Party in violation of this Order. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this action and in the course thereof relying on any Confidential Documents. Nothing within this Order will be construed to prevent disclosure of Confidential Documents if such disclosure is required by law or by order of the Court. The parties hereto agree that in the event any other party requests that a certain document identified by a Designating Party as Confidential has the designation removed for good cause shown, the Designating Party shall not unreasonably refuse to de-designate such document.

9.  **Nonwaiver of Privilege; Inadvertent Disclosure.** By agreeing to the procedures in this Order, the parties do not waive any legal right or privilege applicable to either the Confidential Documents or to any other request of, or discovery procedure available to, the parties to this action. Pursuant to Federal Rule of Evidence 502(d), the disclosure of any document protected by the attorney client privilege or attorney work product doctrine ("Protected Document") in the course of discovery in this action shall not constitute waiver of any applicable legal right or privilege in this proceeding or in any other state or federal proceeding. In the case of inadvertent disclosure of Protected Documents, the Receiving Party shall, promptly upon becoming aware of the disclosure, or, if unaware of disclosure, within five (5) business days of receipt of a written request by the Producing Party, return the original to the Producing Party, destroy all copies thereof, as well as all notes, memoranda or other documents that summarize, discuss, or quote the document, and delete any copy of the document, or any portion thereof, from any litigation database, document management system, network drive, hard drive, or portable media it maintains. Return of a document over which the Producing Party has asserted a claim of privilege, protection, or immunity under this paragraph shall be without prejudice to the Receiving Party's right to seek an order from the Court directing the production of the document on the ground that the claimed privilege, protection, or immunity is invalid or inapplicable; provided, however, that mere

production of the document or information in the course of this action shall not constitute grounds for asserting waiver of the privilege, protection, or immunity.

10. **Filing of Confidential Material.**  A Receiving Party may file Confidential Documents in the public record if it (i) secures the written permission of the Producing Party to file the material without sealing it, (ii) secures a ruling the document is not Confidential, (iii) redacts the document in order to remove any reference to Confidential Information, or (iv) files the document under seal pursuant to Civ. L.R. 79-5. A Producing Party that wishes to file its own document that it designated as Confidential without doing so under seal may do so with no further notice to the other parties or order of the Court. A party's failure to contest a Producing Party's designation of a document as Confidential before the filing of a motion to seal shall not be deemed an admission by such party that such Document should be filed under seal. Nothing in this Order shall be construed to waive a party's right to argue that a Confidential Document that is filed under seal is fully admissible and otherwise available for use at trial in an unsealed courtroom. This Order shall not apply to the introduction of evidence at trial. Trial procedures shall be subject to further order of the Court.

11. **Confidential Documents to be Filed Under Seal.**  In the event counsel for any of the parties determines to file or submit to this Court any Confidential Documents (by way of pleadings, motions, briefs or any other papers or oral communication containing or making reference to such document or information), the party seeking to file such material must seek permission of the Court to file the material under seal according to the procedures of Civil Local Rule 79-5.

Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the items at issue are privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If the Receiving Party's request to file Confidential Documents under seal pursuant to Civil Local Rule 79-5(d) is denied by the Court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the Court.

-8-

2318.001/821131.1

STIPULATED PROTECTIVE ORDER
Case No. 3:14-cv-00390 WHO

12. **Objections to Confidential Designation.** Nothing in this Order shall be taken as indicating that any Document is in fact Confidential. No party shall be obligated to challenge the propriety of a Confidential designation at the time it is made and a failure to do so shall not preclude a subsequent challenge. If any party disagrees at any stage of these proceedings with such designation, counsel for such party shall notify counsel for the Producing Party in writing. The objecting party shall identify each particular Document, or, in the case of an objection to a blanket claim of confidentiality pertaining to a reasonably targeted group, classification or category of Documents, the group, classification or category to which it objects, and shall specify the reason for the objection. The parties will have fourteen (14) calendar days to negotiate a resolution of the dispute. If no agreement is reached within the fourteen (14) day period, the Receiving Party may request relief from the Court. The Producing Party bears the burden of establishing that the Document, or the group, classification or category of Documents, is entitled to be treated as Confidential. Until such time as the Court has ruled, the parties shall continue to treat the Documents in question as Confidential pursuant to the terms of this Order.

13. **Violation of this Order.** If a party has cause to believe that a violation of this Order has occurred or is about to occur, that party may petition this or any other proper court for appropriate relief. To the extent any party feels the protections of this Order are not adequate for particular Confidential Documents or Confidential Information, that party may petition the Court for an appropriate amendment to this Order.

14. **Production of Confidential Documents in Response to Subpoena or in Connection with Judicial Proceedings.** Nothing in this Order shall prohibit any party from using or disclosing Confidential Documents in response to a subpoena or court order seeking production of Confidential Documents or in connection with a criminal or administrative investigation by any government or governmental body, grand jury proceedings, or the trial or pretrial procedures and preparation of a criminal or administrative case. To the extent that a Receiving Party receives such a request, it must notify the Producing Party within seven days.

15. **Return or Destruction of Confidential Documents.** At the conclusion of this action, all Confidential Documents and copies thereof in the possession, custody or control of the parties (other than any such data retained on disaster recovery or back-up systems) shall be either returned to the Producing Party or destroyed. Counsel to each party may retain one copy of pleadings, transcripts and exhibits containing or constituting Confidential Documents. Such material retained by counsel shall continue to be subject to the terms and conditions of this Order.

16. **Other Provisions.** This Order shall be binding upon the parties hereto from the date of execution, notwithstanding the date of entry of this Order by the Court. This Order may be modified by written agreement of the parties, subject to approval by the Court. The Court may modify this Order at any time in these proceedings. The parties request that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications prior to the entry of such order.

**AGREED:**

DATED: June __, 2014                    BARTKO, ZANKEL, BUNZEL & MILLER
                                        A Professional Law Corporation


                                        By: _____
                                                  Charles G. Miller

                                        Attorneys for Plaintiff
                                        FEDERAL DEPOSIT INSURANCE
                                        CORPORATION, as Receiver for Tamalpais Bank of
                                        San Rafael, California

DATED: June __, 2014                    PILLSBURY WINTHROP SHAW PITTMAN LLP
                                        CHRISTINE A. SCHEUNEMAN
                                        JOSEPH T. LYNYAK
                                        REBECCA TIERNEY


                                        By:      /s/ Christine A. Scheuneman
                                                  Christine A. Scheuneman

                                        Attorneys for Defendants
                                        MARK GARWOOD, ALLAN BORTEL,
                                        CAROLYN HORAN, JAMES WILLIAMS,
                                        JEFFREY TAPPAN and NANCY GRAUTEN

1  DATED: June __, 2014                        COOKE KOBRICK & WU LLP
                                               CHRISTOPHER C. COOKE
2                                              JEFFREY W. KOBRICK

3
                                               By:  ____/s/ Christopher C. Cooke_____
4                                                       Christopher C. Cooke

5                                              Attorneys for Defendant
                                               MICHAEL RICE
6

7  **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

8  Dated: June 19, 2014

9                                              _____
                                               Hon. William H. Orrick
10                                             United States District Judge

# EXHIBIT A

-12-

2318.001/821131.1

STIPULATED PROTECTIVE ORDER
Case No. 3:14-cv-00390 WHO

# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Tamalpais Bank of San Rafael, California,<br><br>Plaintiff,<br><br>v.<br><br>MARK GARWOOD, ALLAN BORTEL, RICHARD SMITH, CAROLYN HORAN, JAMES WILLIAMS, JEFFERY TAPPEN, MICHAEL RICE, and NANCY GRAUTEN,<br><br>Defendants. | No. 3:14-cv-00390 WHO<br><br>**PROTECTIVE ORDER**<br><br><br>Complaint Filed: January 27, 2104<br>Trial Date: None Set |

## AGREEMENT TO ABIDE BY PROTECTIVE ORDER

I have read the Stipulated Protective Order issued on June __, 2014, in the above-captioned case and agree to abide by its terms. I further agree to consent to the jurisdiction of the United States District Court for the Northern District of California for the purposes of enforcement of the Protective Order.

Name (signature): _____

Name (print): _____

Address: _____

City, State, Zip Code: _____

Telephone: _____

Date signed: _____

-13-

2318.001/821131.1

STIPULATED PROTECTIVE ORDER
Case No. 3:14-cv-00390 WHO